```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


BEVERLY D. COOK,                    )
                                    )
          Plaintiff,                )
                                    )  CIVIL ACTION
v.                                  )
                                    )  No. 07-4066-JAR-JTR
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
          Defendant.                )
_____)
```

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(I), 223, 1602 and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(I), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act).  Finding that the ALJ erred in evaluating the medical opinion of claimant's treating physician, the court recommends the decision be reversed and the case be remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

**I.   Background**

Plaintiff applied for DIB and SSI on Dec. 7, 2005, alleging disability beginning Jan. 31, 2004.  (R. 12).  Her applications

were denied initially and upon reconsideration, and plaintiff sought a hearing before an Administrative Law Judge (ALJ). (R. 12). A hearing was granted, and at the hearing plaintiff was represented by an attorney. (R. 12). On Dec. 11, 2006, testimony was taken from plaintiff and from a vocational expert. (R. 12).

On Dec. 21, 2006, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act, and denying plaintiff's applications. (R. 12-18). Plaintiff sought, but was denied Appeals Council review of the hearing decision. (R. 4-8, 184-85). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 4); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review.

**II. Legal Standard**

The court's review is guided by the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, it is such evidence as a reasonable mind might accept to support

a conclusion.  Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency."  White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Serv., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d).  The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  Id.

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920 (2006); Allen v. Barnhart, 357 F.3d 1140,

1142 (10th Cir. 2004); Ray, 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has severe impairments, and whether the severity of her impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Id. at 750-51. If plaintiff's impairments do no meet or equal the severity of a listing, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520, 416.920. This assessment is used at both step four and step five of the process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform her past relevant work, and whether she is able to perform other work in the national economy. Williams, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show other jobs in the economy within plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred in evaluating the opinion of her treating physician, Dr. Seeman; in determining the credibility of her allegations of symptoms; and in assessing her residual functional capacity (RFC).  The Commissioner argues that the ALJ properly evaluated the treating physician's opinion; properly evaluated the credibility of plaintiff's allegations; and properly assessed plaintiff's RFC.  The court finds that the ALJ erred as a matter of law in evaluating the treating source opinion.  Therefore, remand is necessary.  Because a proper evaluation of the treating source opinion will require reassessment of plaintiff's RFC, the court will not reach the other errors alleged by plaintiff.

**III. Analysis**

Plaintiff claims the ALJ erred in failing to accord controlling weight to the opinion of her treating physician, Dr. Seeman.  She argues that Dr. Seeman's opinion is well-supported by objective evidence and is "not inconsistent" with the findings of the examining physicians, Dr. Marcell and Dr. Gimple.  (Pl. Br. 15-17).  Plaintiff also claims the ALJ improperly discounted Dr. Seeman's opinion, stating the opinion was based largely on claimant's subjective complaints.  The Commissioner argues that the ALJ considered all of the proper regulatory factors, and his evaluation is supported by substantial evidence in the record and should be affirmed.  (Comm'r Br. 6).

Both plaintiff and the Commissioner quote extensively from <u>Watkins v. Barnhart</u>, 350 F.3d 1297, 1300-01 (10th Cir. 2003), to support their position. (Pl. Br. 13-14); (Comm'r Br. 4-5). As the parties assert, an ALJ must engage in a particular inquiry to determine the weight to accord a treating source opinion. The <u>Watkins</u> court noted that "The regulations and agency rulings give guidance on the framework an ALJ should follow when dealing with treating source medical opinions." <u>Watkins</u>, 350 F.3d at 1300 (citing 20 C.F.R. § 404.1527(d)(2) and SSR (Social Security Ruling) 96-2p). The ALJ first determines "whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" <u>Id.</u>(quoting SSR 96-2p). If the opinion is well-supported, the ALJ must then determine whether "the opinion is consistent with other substantial evidence in the record." <u>Id.</u> (citing SSR 96-2p).[1] "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." <u>Id.</u>

SSR 96-2p, cited by the court in <u>Watkins</u>, explains that the term "substantial evidence" as used in determining whether a treating source opinion is worthy of "controlling weight" is

---

[1]Both the ruling and the regulation phrase the second step of the inquiry in the negative: an opinion may be given controlling weight only if it is "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2); <u>and</u> SSR 96-2p, West's Soc. Sec. Reporting Serv., Rulings 112 (Supp. 2007).

given the same meaning as determined by the Court in Richardson v. Perales, 402 U.S. 389 (1971).  SSR 96-2, West's Soc. Sec. Reporting Serv., Rulings 113 (Supp. 2007).  As the Ruling explains, evidence is "substantial evidence" precluding the award of "controlling weight," if it is "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion that is contrary to the conclusion expressed in the medical opinion."  Id.

If the treating source opinion is not given controlling weight the inquiry does not end.  Watkins, 350 F.3d at 1300.  A treating source opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927."  Id.  Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1301; 20 C.F.R. §§ 404.1527(d)(2-6), 416.927(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher

v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).  After considering the factors, the ALJ must give reasons in the decision for the weight he gives the treating source opinion.  Id. 350 F.3d at 1301.  "Finally, if the ALJ rejects the opinion completely, he must then give 'specific, legitimate reasons' for doing so."  Id.  (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)).

     As the ALJ noted, Dr. Seeman is a general practitioner who treated plaintiff between Aug. 24, 2004 and Nov. 9, 2006.  (R. 15, 120-25, 150-63).  On Jan. 5, 2006, Dr. Seeman provided a medical opinion regarding plaintiff's capacity for work-related activities.  (R. 135-38).  Dr. Seeman opined that plaintiff is able to lift and carry less than ten pounds, can sit about three hours in a workday, can stand and/or walk less than two hours in a workday, must be allowed to change position between sitting or stand/walking at will, may never perform postural activities, must be allowed to lie down at unpredictable intervals during a workday, must avoid concentrated exposure to extreme cold, must avoid even moderate exposure to hazards, and will miss work more than three times a month due to her impairments.  (R. 135-38).  The ALJ also noted Dr. Seeman's Nov. 18, 2005 statement that he would sign disability papers based upon plaintiff's "inability to stand for an extended time." (R. 16; citing Ex. 1F, p.6(R. 120)).

The ALJ stated he gave Dr. Seeman's opinion "significant weight," but not controlling weight. (R. 16). In explaining his evaluation of Dr. Seeman's opinion, the ALJ stated, "neither Dr. Seeman's treatment notes nor the longitudinal medical records supports such a restrictive residual functional capacity." (R. 16). He stated the opinion is inconsistent with Dr. Seeman's and Dr. Gimple's treatment notes and "is based largely on the subjective complaints of the claimant." Id.

The threshold for denying controlling weight is low. The ALJ need only find evidence which is "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion that is contrary to the conclusion expressed in the [treating source's] medical opinion." SSR 96-2, West's Soc. Sec. Reporting Serv., Rulings 113 (Supp. 2007). To the extent the ALJ determined not to accord controlling weight to Dr. Seeman's opinion, the court finds substantial evidence in the record supports the ALJ's finding that the opinion is inconsistent with Dr. Seeman's treatment notes, with Dr. Gimple's treatment notes, and with the longitudinal medical records.

Plaintiff's brief is not absolutely clear, but he may be making a two-part argument. First, that the ALJ must make two sequential findings on the record: (1) Whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) Whether the opinion is consistent

-9-

with other substantial evidence.  Second, that the ALJ did not specifically address the first finding, and in failing to do so, he erred.  (Pl. Br. 15)("Dr. Seeman's opinion is well supported by objective evidence of record and therefore is deserving of controlling weight.").

To the extent plaintiff makes this argument, it must fail.  As the court noted in <u>Watkins</u>, "[I]f the opinion is deficient in <u>either</u> of these respects, then it is not entitled to controlling weight."  <u>Watkins</u>, 350 F.3d at 1300(emphasis added).  Therefore, when an adjudicator determines that one of the criteria is not met, he need not address the other criteria.  In fact, the decision here might be read to assume that the first criterion is met (that Dr. Seeman's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques).  It was not error for the ALJ to fail to specifically state the first criterion--that Dr. Seeman's opinion is well-supported.

As the ALJ mentioned in the decision, Dr. Gimple told plaintiff her pain could be treated by sitting down.  (R. 15); <u>see</u> (R. 133)("I've told her that the treatment for her pain is to sit down.").  He noted that Dr. Gimple found plaintiff could not work at jobs requiring lifting, long distance walking, or activities stressful to her spine.  (R. 15, 133).  He noted Dr. Gimple's examination findings that plaintiff stood and walked well, she had good standing posture, she could bend and touch her

toes easily, and straight leg raising was normal. (R. 16, 131). Each of these findings by the ALJ is supported by the record as cited by the ALJ. Dr. Gimple's treatment notes are not consistent with the very restrictive limitations found in Dr. Seeman's opinion.

The ALJ also noted inconsistencies between Dr. Seeman's opinion and Dr. Seeman's treatment notes. He noted that Dr. Seeman had assessed only <u>mild</u> degenerative changes in x-rays of plaintiff's spine, and that Dr. Seeman had stated on Nov. 18, 2005 that he would sign disability papers based upon plaintiff's <u>inability to stand for extended periods</u>, but that Dr. Seeman did not mention at that time any of the other restrictive limitations suggested by his opinion dated Jan. 5, 2006. (R. 16, 120, 125). Again, the ALJ's findings are supported by the records cited, and the court must agree that Dr. Seeman's treatment notes are not completely consistent with his opinion.

Finally, the ALJ explained how the record as a whole is inconsistent with Dr. Seeman's opinion. He stated there is no <u>medical</u> evidence plaintiff cannot sit. (R. 15). He noted plaintiff's statements to treating doctors that her pain is relieved by sitting. (R. 16); <u>see</u>, (R. 122)(Dr. Marcell, 08/24/2004, "It [the pain] is better if she sits down. In fact, she gets almost immediate relief if she sits."); (R. 131)(Dr. Gimple, 03/20/2006, "She has little if any difficulty at rest,

but cannot walk because of a great deal of discomfort."); (R. 132)(Dr. Gimple, 12/14/2005, "If she sits down, she gets relief."). The court finds that substantial evidence in the record as a whole supports the ALJ's determination not to give controlling weight to Dr. Seeman's opinion.

Plaintiff explains how, in her view, Dr. Seeman's treatment notes, Dr. Gimple's treatment notes, and the record as a whole are consistent with and support Dr. Seeman's opinion. (Pl. Br. 16-17). In essence, plaintiff's argument seeks to have the court reweigh the evidence and find that there is evidence in the record from which one might conclude that Dr. Seeman's opinion is "not inconsistent" with the other "substantial evidence" in the record. However, the question is not whether plaintiff or the court can construct an explanation for the evidence which renders it "not inconsistent" with Dr. Seeman's opinion. Rather, the question when deciding whether to accord a treating source opinion "controlling weight" is whether the ALJ has identified in the record "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion that is contrary to the conclusion expressed in the [treating source's] medical opinion." SSR 96-2, West's Soc. Sec. Reporting Serv., Rulings 113 (Supp. 2007). The ALJ has identified such evidence, the record supports the ALJ's determination, and the court cannot say that the ALJ's determination is erroneous. Moreover, were the

court to reweigh the evidence as plaintiff suggests, it would find it necessary to consider the RFC assessment completed by the state agency physicians.  (R. 139-48).  That assessment found plaintiff has much less restrictive limitations than those opined by Dr. Seeman, and as such, constitutes substantial evidence in the record which is inconsistent with Dr. Seeman's opinion. Therefore, it would be inappropriate to accord controlling weight to that opinion.

Plaintiff goes beyond arguing that Dr. Seeman's opinion must be given controlling weight, however, and argues that the ALJ improperly discounted the opinion of Dr. Seeman in finding that the opinion was "based largely on the subjective complaints of Plaintiff."  (Pl. Br. 18)(quoting (R. 16)).  Citing Langley v. Barnhart, 373 F.3d 1116, 1121 (10th Cir. 2004), plaintiff argues that absent notation in Dr. Seeman's reports to the effect that he based his opinion on plaintiff's complaints, such a conclusion is mere speculation by the ALJ.  (Pl. Br. 18).  The Commissioner distinguishes Langley, noting that in Langley the ALJ completely rejected the opinion of the treating physician whereas here the ALJ accorded significant weight to Dr. Seeman's opinion.  (Comm'r Br. 7).

The court agrees with plaintiff, and finds the Commissioner's reliance upon Langley misplaced.  "In choosing to reject the treating physician's assessment, an ALJ may not make

-13-

speculative inferences from medical reports." McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002). As plaintiff argues, where the ALJ has no evidentiary basis for finding that a treating physician's opinion is based only on plaintiff's subjective complaints, his conclusion to that effect is merely speculation which falls within the prohibition of McGoffin. Langley, 373 F.3d at 1121.

While it is true that the ALJ in Langley completely rejected the treating physician's opinion, that fact is irrelevant to the prohibition on making speculative inferences from medical reports. What the court condemned in Langley was that the ALJ had "no legal nor evidentiary basis for" his finding that the physician's opinion was "based only on claimant's subjective complaints." Langley, 373 F.3d at 1121. Shortly after the Langley decision, the Tenth Circuit was once again faced with a situation in which the ALJ had rejected a treating physician's opinion and reasoned that the physician "must have relied quite heavily upon claimant's subjective complaints." Victory v. Barnhart, 121 Fed. App'x 819, 823 (10th Cir. 2005). The court noted that the ALJ's finding "impermissibly rests upon his speculative, unsupported assumptions." Id. The court found no support in the record for the ALJ's conclusion. Id. What the holding of Langley and Victory teach is that finding a physician's opinion is based on his patient's subjective

-14-

complaints must be rooted in evidence taken from the record. Here, the ALJ did not cite, and the court has not found, an evidentiary basis for the ALJ's conclusion that Dr. Seeman's opinion is based largely on plaintiff's subjective complaints.

Moreover, the Commissioner's argument that the ALJ here accorded "significant weight" to the opinion of Dr. Seeman is a distinction without a difference. As plaintiff argues, "the ALJ did not utilize or adopt one single limitation from Dr. Seeman's RFC opinion." (Reply 10). The ALJ's statement that he accorded significant weight to Dr. Seeman's opinion appears to be mere puffing. The ALJ does not specify what portion of Dr. Seeman's opinion was given weight. He did, however, note that Dr. Seeman's opinion that plaintiff cannot stand for extended periods is consistent with the RFC assessed by the ALJ but is also "far less restrictive alone, than the opinion rendered by Dr. Seeman in the form he filled out on January 5, 2006." (R. 16)(citing Ex. 4F (R. 135-38)). Perhaps it is Dr. Seeman's opinion that plaintiff cannot stand for extended periods to which the ALJ accorded "significant weight." If so, then it may fairly be said that the ALJ rejected the Jan. 5, 2006 written opinion of Dr. Seeman. When compared to the extensive and restrictive written opinion provided by Dr. Seeman, it cannot be fairly said the ALJ gave Dr. Seeman's opinion "significant weight" when the ALJ

-15-

accepted only that limited portion of the physician's opinion stating that plaintiff is unable to stand for extended periods.

Because the ALJ improperly discounted Dr. Seeman's opinion as "based largely on the subjective complaints of the claimant," remand is necessary for the ALJ to properly weigh and explain the weight given to the medical opinions of record in accordance with the legal standard explained above.  If controlling weight is not given to the treating source opinion, it will be necessary to weigh all of the medical opinions of record in accordance with the regulatory factors.  This will necessarily include weighing the treatment records and opinions of Dr. Seeman, Dr. Marcell, Dr. Gimple, and the state agency physicians.

**IT IS THEREFORE RECOMMENDED** that the decision of the Commissioner be REVERSED and judgment be entered in accordance with the fourth sentence of 42 U.S.C. 405(g) REMANDING the case for further proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy.  Failure to timely file objections with the court will be deemed a waiver of appellate review.  Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 10th day of April 2008, at Wichita, Kansas.

                                                      s/John Thomas Reid
**JOHN THOMAS REID**
**United States Magistrate Judge**